J-A07044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY SCOTT WOODS, JR. | : | |
| | : | |
| Appellant | : | No. 633 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 1, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003988-2017

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:                     **FILED: JULY 21, 2026**

Appellant, Gregory Scott Woods, Jr., appeals *nunc pro tunc* from the judgment of sentence of 4½ to 9 years' incarceration, imposed after his prior sentence of probation was revoked.  On appeal, Appellant challenges the trial court's determination that, in resentencing him after revoking his probation, it was permitted to consider violations of his probation which occurred prior to the effective date of 42 Pa.C.S. § 9771, as amended by Act 44 of 2023 (hereinafter, "Act 44").[1]  After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to the issue he raises herein.  We glean the following procedural history from the trial court's opinion.  *See* Trial Court Opinion ("TCO"), 8/6/25, at 1-6.  On July 11,

_____

[1] *See* Act of Dec. 14, 2023, P.L. 381, No. 44 (effective June 11, 2024).

2016, Appellant pled guilty to possession with intent to deliver ("PWID"), 35 P.S. § 780-113(a)(30). He was sentenced on October 19, 2017, to a term of 5 years' intermediate punishment, with the first 3 months to be served incarcerated in the county prison, and 9 months of electronic home monitoring.

Appellant thereafter appeared before the court for multiple revocation hearings. Specifically, his probation was revoked for technical violations, and he was resentenced on January 24, 2023; April 18, 2023; November 14, 2023; and June 18, 2024.

On April 1, 2025, Appellant appeared before the court for a fifth revocation hearing, which underlies his instant appeal. Ultimately, the court revoked Appellant's probation based on his testing positive for amphetamines and methamphetamines, failing to complete a drug and alcohol evaluation and recommended treatment, and for being removed from the Dauphin County Work Release Center due to his positive drug tests. The court resentenced Appellant to 4½ to 9 years' incarceration for his PWID offense, with credit for 23 months and 28 days' time served. *See* N.T., 4/1/25, at 10; *see also* Appellant's Brief at 7 ("The Court imposed a 4[½ to] 9 year sentence and applied the 23 [months] and 28 days of time credit."); TCO at 5 ("The court imposed a sentence of incarceration of not less than [4½] nor more than [9] years[,]" and "awarded time credit for the periods of [Appellant's incarceration] … not [otherwise] applied.").

- 2 -

Appellant filed a timely post-sentence motion. However, he did not file a timely notice of appeal within 30 days of the imposition of his revocation sentence. **See** Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."). On May 12, 2025, Appellant filed a "Motion to Restore Appellate [Rights] *Nunc Pro Tunc* and Contemporaneous Notice of Appeal." On May 13, 2025, the court granted Appellant's motion and reinstated his appellate rights, thereby accepting Appellant's notice of appeal filed on May 12, 2025. That same day, the court also issued an order denying his post-sentence motion.[2] The trial court and Appellant thereafter complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review:

> Did the [c]ourt err in construing 42 Pa.C.S. [§] 9771(c) as counting all lifetime revocations? Specifically, did the [c]ourt err by construing the statute to encompass all lifetime revocations, when the lack of language determining total revocations count constitutes an ambiguity which, given that a probation statute is a penal statute, should have been construed in the light most favorable to the accused[?] **See generally Commonwealth v. Jarowecki**, 985 A.2d 955 (Pa. 2009).

Appellant's Brief at 4.

---

[2] "The post-sentence motion was not decided prior to the filing of the notice of appeal. However, it was not a premature appeal as a post-sentence motion following a revocation of probation or parole does not toll the 30-day appeal period." **Commonwealth v. Myers**, No. 1592 MDA 2023, unpublished memorandum at 4 n.3 (Pa. Super. filed Nov. 14, 2024) (citing Pa.R.Crim.P. 708(E)); **see also** Pa.R.A.P. 126(b) (stating non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value).

Initially, we observe Appellant construes his claim as a challenge to the discretionary aspects of his sentence and provides this Court with a Pa.R.A.P. 2119(f) statement, arguing his claim constitutes a substantial question for our review. *See id.* at 9-10. However, an *en banc* panel of our Court recently held "a claim that the trial court failed to adhere to section 9771(c) when resentencing a probationer to a period of total confinement implicates the legality of the sentence, not its discretionary aspects." **Commonwealth v. Seals**, 353 A.3d 747, 763 (Pa. Super. 2026) (*en banc*). The **Seals** panel further held, "Section 9771(c)(2) specifically delineates the maximum allowable sentence of total confinement for a first and second technical violation. [42 Pa.C.S.] § 9771(c)(2). Any sentence imposed in excess of the statutory maximum is unquestionably illegal." *Id.* at 764 (citing **Commonwealth v. Shiffler**, 879 A.2d 185, 189 (Pa. 2005)).

Here, Appellant alleges the court was limited to only considering his two violations that occurred after the enactment date of Act 44 and, thus, the court exceeded the maximum allowable sentence for a second technical violation set forth in section 9771(c)(2)(ii), discussed *infra*. Pursuant to the rationale of **Seals**, this claim challenges the legality of Appellant's sentence. *See id.* (concluding a "challenge [to] the trial court's authority to impose a sentence of total confinement based upon its failure to adhere to the mandatory limits imposed by section 9771(c), as amended by Act 44[,] … presents a challenge not to the trial court's 'exercise of valid sentencing discretion' but to its authority to exercise its discretion in the first instance

- 4 -

pursuant to section 9771" and, thus, it "constitutes a challenge to the legality of the sentence imposed") (citations omitted). Accordingly, we need not assess whether Appellant's issue constitutes a substantial question for our review but, instead, proceed to the merits of his argument. In doing so, we recognize:

> We review a challenge to the legality of a sentence *de novo* and with a plenary scope of review. Where, as here, our statutory analysis concludes that the trial court's authority is preconditioned on the finding of a triggering fact, the legality of sentence claim includes our *de novo* review of whether the requisite fact exists. To the extent that our analysis requires us to engage in statutory interpretation, that too presents a question of law, of which we engage in a *de novo* review.

*Id.* at 766-67 (cleaned up).

Appellant argues the court improperly resentenced him under section 9771(c)(2)(iii), rather than (c)(2)(ii), of Act 44. The **Seals** panel aptly summarized Act 44, and its implications on resentencing defendants following the revocation of probation, as follows:

> Act 44, which amended multiple Sentencing Code provisions pertaining to probation, took effect on June 11, 2024. **See** Act of Dec. 14, 2023, P.L. 381, No. 44, § 9. Among other changes, Act 44 modifies the trial court's resentencing authority following a revocation of probation. Prior to Act 44, section 9771(b) allowed the trial court, upon revocation, to "choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration." **Commonwealth v. Colon**, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citations omitted). Section 9771(b) was implicitly limited by 9771(c), which prohibited a trial court from imposing a resentence of total confinement unless the trial court found that the defendant was convicted of another crime, his conduct indicated he would likely commit another crime unless confined, or total confinement was "essential to vindicate the authority of the court." 42 Pa.C.S. §

- 5 -

9771(c) (effective Dec. 18, 2019 to June 10, 2024). So long as one of the three prerequisites for revocation was met, however, the trial court had discretion to choose the length of total confinement, with its only limitation being "the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Colon**, 102 A.3d at 1044 (citations omitted).

Act 44 amended subsection (b), making subsection (c)'s limitation upon the court's sentencing authority express by adding the following bolded language:

> **Subject to the limitations of subsections (b.1) and (c)**, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S. § 9771(b) (emphasis …added). Further, Act 44 substantially limited the court's resentencing authority under subsection (c), which differs significantly from the prior version:

> **(c) Limitation on sentence of total confinement.**-- There is a presumption against total confinement for technical violations of probation. The following shall apply:
>
> > (1) The court may impose a sentence of total confinement upon revocation only if:
> >
> > > (i) the defendant has been convicted of another crime;
> > >
> > > (ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or
> > >
> > > (iii) the court finds by a preponderance of the evidence that the defendant committed a

technical violation and any of the following apply:

(A) The technical violation was sexual in nature.

(B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under … [t]he Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court

shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

(ii) For a second technical violation, a maximum period of 30 days.

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

(iv) The time limitations contained in this paragraph shall not apply to the extent that a reasonable term of additional total confinement, not to exceed 30 days, is necessary to allow a defendant to either be evaluated for or to participate in:

(A) a court-ordered drug, alcohol or mental health treatment program; or

(B) a problem-solving court provided for in section 916 (relating to problem-solving courts).

(3) Nothing in this section shall prevent the adoption of a program [to establish swift, predictable and brief probation violation sanctions] under section 9771.1.

*Id.* § 9771(c). Thus, through the enactment of Act 44, section 9771(c) prohibits the court from imposing a sentence of total confinement for a technical violation of probation, subject to delineated exceptions, and imposes specific, relatively short maximum sentences for a period of confinement imposed for a first or second technical violation. *See id.*

*Seals*, 353 A.3d at 757-59 (footnotes omitted).

At issue herein is section 9771(c)(2)(iii). In resentencing Appellant, the trial court applied that provision because Appellant's instant technical violation constituted his fifth over the life of his case. Consequently, the court considered the sentencing alternatives available at the time of Appellant's

initial sentencing and resentenced him to 4½ to 9 years' incarceration. **See** TCO at 7 ("The procedural history outlined above demonstrates that the February 26, 2025 violation for which [Appellant] appeared before the [c]ourt on April 1, 2025[,] constituted [Appellant's] fifth…. Therefore, pursuant to section 9771(c)(1)(iii)[,] the [c]ourt imposed a sentence of total confinement for a term available to it at the time of initial sentencing.") (footnotes omitted).

Appellant now argues the court erred by considering his "lifetime probation violations[,]" rather than only counting the two violations which occurred after Act 44 took effect on June 11, 2024. Appellant's Brief at 15. According to Appellant, "[b]ecause the statute lacks any temporal language, the statute is ambiguous as to what [violations] can be considered. Under the rules of statutory construction, this requires an interpretation which benefits [Appellant]." **Id.** at 21-22. Thus, he insists we must "remand for the [c]ourt to consider only two [violations] and sentence accordingly." **Id.** at 8.

In assessing Appellant's argument, we note:

> The Statutory Construction Act[19] guides our analysis of statutory text. **See Commonwealth v. Gamby**, … 283 A.3d 298, 306 ([Pa.] 2022). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The plain language of the statute traditionally "provides the best indication of legislative intent." **Commonwealth v. Crosby**, … 329 A.3d 1141, 1149 ([Pa.] 2025) (citation omitted). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

> [19] 1 Pa.C.S. §§ 1501-1991.

> The General Assembly has instructed courts to ascribe the "common and approved meaning" to its chosen words and phrases, unless the word or phrase is technical, has acquired a peculiar and appropriate meaning, or is expressly defined in the statute. 1 Pa.C.S. § 1903(a). We consider the statutory language not in isolation, but within the context in which it appears. **Commonwealth v. Rosario**, … 294 A.3d 338, 346 ([Pa.] 2023); **A.S. v. Pennsylvania State Police**, … 143 A.3d 896, 906 ([Pa.] 2016). "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a).

**Seals**, 353 A.3d at 762.

Here, looking at the entirety of Act 44, we conclude there is no ambiguity regarding whether violations which occurred prior to the effective date of Act 44 may be considered in resentencing probationers under section 9771(c)(2). Importantly, section 5 of Act 44 states:

> **Section 5.** This act shall apply as follows:
>
> (1) This act shall apply to individuals sentenced or resentenced on or after the effective date of this section.
>
> (2) Except for the addition of 42 Pa.C.S. § 9774.1, **this act shall apply to individuals sentenced or resentenced prior to the effective date of this section.**

Act of Dec. 14, 2023, P.L. 381, No. 44, § 5 (emphasis added). By this language, the General Assembly unequivocally directed that, with the exception of section 9774.1, the Act 44 amendments — including those to section 9771 — are to be applied retroactively to individuals who were resentenced prior to June 11, 2024. **See also Seals**, 353 A.3d at 773 (stating, "by its express terms, Act 44's amendments (other than section 9774.1) 'are to be construed retroactively,' as 'clearly indicated under the

- 10 -

provisions of the statute'") (quoting **Commonwealth v. Shaffer**, 734 A.2d 840, 843 (Pa. 1999) (citation omitted)).

Clearly, any resentencing which occurred prior to the effective date of Act 44 would have been premised on **violations** that occurred prior to the effective date of the Act. Thus, the General Assembly's command that Act 44 apply to individuals resentenced before the effective date of the Act necessarily permits the court to consider violations that occurred before the effective date of Act 44. Any other interpretation of the retroactivity provision of the statute would render Act 44 ineffective for probationers who were resentenced prior to the effective date of the Act. For instance, if the trial court were not permitted to consider pre-Act 44 violations, a probationer who was resentenced prior to the effective date of the Act could not be subject to any term of incarceration under amended section 9771(c)(2). That probationer would also not be subject to any term of incarceration under the pre-Act 44 version of the statute because Act 44 applies retroactively. Thus, **no** term of imprisonment could be imposed upon probationers resentenced prior to the effective date of Act 44 if a trial court is not permitted to consider pre-Act 44 violations. This would be an absurd reading of the statute.

In sum, the plain language of Act 44 is unequivocal: it applies retroactively to anyone resentenced before the effective date of the Act. Clearly, then, the court is also permitted to consider violations which occurred

- 11 -

prior to the effective date of the Act.[3]  Nothing in the language of section 9771(c) provides for the exclusion of pre-Act 44 violations.  Accordingly, the trial court here did not err in considering Appellant's violations that occurred before the effective date of Act 44.[4, 5]

---

[3] Notably, our Court has already interpreted (albeit, impliedly) Act 44's retroactivity as permitting the trial court to consider violations that pre-date the Act.  *See Commonwealth v. Morton*, --- A.3d ----, 2026 Pa. Super. 95 (Pa. Super. filed May 8, 2026) (concluding, due to Act 44's retroactivity, that Morton was subject to resentencing under Act 44 even though his technical violations occurred, and he was resentenced, before the effective date of the Act); *Commonwealth v. Oglesby*, --- A.3d ----, 2026 WL 847717, *13 (Pa. Super. filed Mar. 27, 2026) (holding "that in calculating a probationer's technical violations for purposes of section 9771(c), a … court must consider only violating behaviors that were accompanied by a judicial finding that the probationer committed a violation[,]" and in applying that holding, counting one prior judicial finding of a violation, which predated the effective date of Act 44, in determining what sentence the court could impose upon resentencing).

[4] Given our conclusion, we do not address the trial court's concern — or Appellant's response thereto — that limiting a court to considering only violations which occurred after Act 44's effective date "would impermissibly encroach upon the [c]ourt's sentencing power in violation of the separation of powers doctrine."  TCO at 8.  *See also* Appellant's Brief at 15-21.

[5] As the trial court observed, Appellant "raises no separate challenge to the length of the sentence imposed."  TCO at 7.  The *Seals* panel explained,

> not every claim implicating section 9771(c) is a challenge to the legality of a sentence.  … [A] trial court retains some discretion in sentencing a technical probation violator to a period of total confinement if it correctly finds that the Commonwealth satisfied its burden of proof as to one of the three exceptions to the presumption against incarceration and imposes a sentence within the statutorily permitted range.  In such circumstances, a challenge to the trial court's exercise of its discretion to impose a

*(Footnote Continued Next Page)*

- 12 -

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026

---

sentence of total confinement would be a discretionary aspects of sentencing claim.

***Seals***, 353 A.3d at 764 n.21. It is well-settled that an appellant is not entitled to review of a claim challenging the discretionary aspects of a sentence, but must instead meet certain prerequisites to invoke this Court's jurisdiction to review, including preserving his issue in a post-sentence motion. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). As Appellant failed to raise any claim challenging the length of his sentence in his post-sentence motion, or assert any meaningfully developed argument in this regard on appeal, he has waived this issue for our review. ***See id.*** ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").